UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREAT AMERICAN INSURANCE COMPANY; GREAT AMERICAN ALLIANCE INSURANCE COMPANY,

Plaintiffs,

vs.

BOYS AND GIRLS CLUB OF SOUTH PUGET SOUND,

Defendant.

No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Great American Insurance Company and Great American Alliance Insurance Company (collectively, "Great American") hereby submit this complaint for declaratory judgment against defendant Boys and Girls Club of South Puget Sound ("BGC"), as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment. Great American seeks a declaration of its rights and obligations under insurance policies it issued to BGC.

2. BGC is a defendant in the lawsuit *P.A. v. Boys and Girls Club of South Puget Sound, LLC*, Pierce County (WA) Superior Court, Case No. 22-2-10606-4 (the "Underlying Action"). Plaintiff in the Underlying Action alleges that she suffered sexual abuse at BGC's

600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

facility and that BGC is liable for that abuse. BGC tendered its defense and indemnity in the Underlying Action to Great American. Great American agreed to participate in BGC's defense under a reservation of rights and continues to participate in its defense as of the filing of this action.

3. Great American has determined that the damages in the Underlying Action occurred before the inception of the primary and umbrella policies it issued to BGC. Great American has further determined:

a. That the plaintiff in the Underlying Action seeks damages for discrimination, and on that basis the damages are excluded under the terms of the Great American primary policy; and

b. That the plaintiff in the Underlying Action seeks damages arising out of abuse, and on that basis the damages are excluded under the terms of the Great American umbrella policy.

4. This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, for the purpose of determining an actual controversy between the parties by construing the rights and legal obligations arising under a contract of insurance issued by Great American to BGC.

5. Great American seeks a declaration regarding its rights and obligations in connection with the Underlying Lawsuit. A true and correct copy of the operative complaint for the Underlying Lawsuit is attached at **Exhibit A**.

**THE PARTIES**

6. Great American Insurance Company is an Ohio corporation with its principal offices located in Cincinnati, Ohio, and is duly authorized to transact insurance business in the State of Washington.

7. Great American Alliance Insurance Company is an Ohio corporation with its principal offices located in Cincinnati, Ohio, and is duly authorized to transact insurance business in the State of Washington.

600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

8. BGC is a Washington non-profit corporation with its principal offices located in Tacoma, Washington.

**JURISDICTION AND VENUE**

9. BGC is a non-profit entity that provides before- and after-school youth programs in and around Tacoma, Washington.

10. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) there is complete diversity between Great American, on the one hand, and BGC, on the other hand, (b) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs, because the current settlement demands in the Underlying Action significantly exceed $75,000, BGC's evaluation of the amount of a potential settlement in the Underlying Action significantly exceeds $75,000, and Great American's potential contribution to any settlement could exceed $75,000, and (3) by virtue of the Declaratory Judgments Act, 28 U.S.C. § 2201(a), because this matter presents an actual controversy.

11. This matter presents a case of actual controversy. BGC asserts that it is owed defense and indemnification under the primary and umbrella policies that Great American issued with respect to the claims in the Underlying Action. Great American disputes that it owes BGC any duty to defend or indemnify under its policies in connection with the Underlying Action.

12. Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(1) because BGC is licensed and registered with the Washington Secretary of State to conduct business and did, in fact, transact business in the Western District of Washington at all times in question.

**THE UNDERLYING ACTION**

13. This action arises out of the Underlying Action, in which the underlying plaintiff identified by the first and last initials "P.A." alleges that she was sexually assaulted at BGC's facility by a BGC employee.

14. P.A. filed the complaint in the Underlying Action on December 7, 2022. In the complaint, P.A. alleges she is a 24-year-old woman. Ex. A, ¶ 1. P.A. alleges:

600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

> While in foster care between ages approximately 12-15, P.A. frequently patronized a Boys and Girls Club facility formerly located near Kandle Park in Tacoma, Washington. At the facility, P.A. was routinely molested by a staff member identified as "Greg" or "Craig" over a period of years. … The sexual abuse went on multiple times a week and over a period of approximately three years.

Ex. A, ¶¶ 3-8.

15. P.A. brings a cause of action against BGC under the Washington Law Against Discrimination, RCW Chapter 49.60. Ex. A, ¶ 11.

**THE GREAT AMERICAN POLICIES**

16. Great American Insurance Company issued primary policy number PAC 066-06-31-00 to named insured BGC providing liability coverage between December 31, 2013, and December 31, 2014. A copy of a portion of the primary policy is attached hereto as **Exhibit B**.

17. As relevant to this action, the primary policy's Washington Abuse or Molestation Coverage Form provides in part as follows:

> **SECTION I – ABUSE OR MOLESTATION COVERAGE**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums the Insured becomes legally obligated to pay as "damages" because of "abuse" to which this insurance applies.
>
> We will have the right and duty to defend the Insured against any "suit" seeking those "damages." However, we will have no duty to defend any insured against any claim or "suit" seeking "damages" because of "abuse" to which this insurance does not apply.
>
> * * *
>
> **b.** This insurance applies to "abuse" only if:
>
> **(1)** the "abuse" takes place in the "coverage territory";
>
> **(2)** the "abuse" takes place during the policy period; and
>
> **(3)** prior to the policy period, no insured knew the "abuse" had occurred, in whole or in part. If any insured knew, prior to the policy period, that the "abuse" had occurred, in whole or in part, then any continuation, change, or resumption of such "abuse"

600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

during or after the policy period will be deemed to have been known prior to the policy period.

* * *

**2. Exclusions**

This insurance does not apply to:

* * *

**v.** "Damages" because of any liability arising out of any discrimination, or failure to discriminate, on account of race, religion, sex, age, ethnic background, national origin, physical or mental disability, or sexual orientation, or arising out of any actual, threatened, or alleged violation of any local, state, or federal civil rights law, regulation, or ordinance.

* * *

18. Great American Alliance Insurance Company issued umbrella policy number UMB 066-06-33-00 to named insured BGC providing excess coverage between December 31, 2013, and December 31, 2014. A copy of the umbrella policy is attached hereto as **Exhibit C**.

19. As relevant to this action, the umbrella policy's Commercial Umbrella Coverage Form provides in part as follows:

**I. COVERAGE**

**A.** We will pay on behalf of the "Insured" those sums in excess of the "retained limit" that the "Insured" becomes legally obligated to pay as damages, by reason of liability imposed by law or assumed by the "Insured" under an "insured contract," because of:

**1.** "bodily injury" or "property damage" that takes place; or

**2.** "personal injury" or "advertising injury" arising from an offense committed;

during the Policy Period and caused by an "occurrence" happening anywhere. If we are prevented by law or statute from paying such sums on behalf of the "Insured," then we will indemnify the "Insured" for them. The amount we will pay for damages is limited as described below in Section II. LIMITS OF INSURANCE.

* * *

600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

20. The umbrella policy includes the Abuse or Molestation Exclusion endorsement, which provides as follows:

> The following exclusion is added to Section **IV – EXCLUSIONS**
>
> Any liability for or arising out of:
>
> **1.** the actual, threatened, or alleged abuse, molestation, harassment or sexual conduct by anyone of any person; or
>
> **2.** the negligent:
>
> **a.** employment,
>
> **b.** investigation,
>
> **c.** supervision,
>
> **d.** reporting to the proper authorities, or failure to so report,
>
> **e.** retention, or
>
> **f.** referral
>
> of a person for whom any "Insured" is or ever was legally responsible and whose conduct would be excluded by **1.** above.
>
> This endorsement does not change any other provision of the policy.

* * *

**BGC TENDER AND GREAT AMERICAN'S RESERVATION OF RIGHTS**

21. BGC tendered its defense and indemnity in the Underlying Action to Great American.

22. By letter dated March 28, 2023, Great American agreed, based on the potential overlap between P.A.'s dates of abuse as alleged in her complaint and the Great American policy period, to "participate in the defense of the [Underlying Action] under a complete reservation of its rights."

23. In its letter, Great American recited the relevant primary policy provisions, and provided notice that there may not be coverage under the primary policy, stating: "This insurance applies only when 'abuse' takes place during the policy period. To the extent it is determined the

600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

alleged incidents took place outside the policy period, coverage is precluded." Great American also cited the primary policy's exclusion for damages arising out of "discrimination."

**P.A. DID NOT ATTEND BGC DURING GREAT AMERICAN'S POLICY PERIOD**

24. In the course of the Underlying Action, BCG filed a motion for summary judgment with supporting declarations from BCG personnel. BGC also participated in discovery, with P.A. issuing requests for relevant documents to BGC, and BGC producing various documents to P.A.

25. In a declaration in support of summary judgment filed in the Underlying Action, BGC confirmed that all participants in BGC activities must be registered BGC members. Individuals who are not members, employees or volunteers of BGC are not permitted entrance to the BGC facility. Members must provide their membership number, or a name that matches a membership number, at the facility's front desk prior to entry. BGC tracks members' entry and exit by recording the date and time each membership number was presented.

26. P.A. requested that BGC produce "Any and all documents, records, materials, notes, forms, and correspondence regarding" P.A. Among the documents BGC produced to P.A. in response to this request were: (1) a Boys and Girls Club "Participant Information Form" stating that P.A.'s membership with BGC began on December 26, 2012, and ended on January 31, 2013, then began again on March 25, 2013, and ended again on March 31, 2013; and (2) a spreadsheet showing dates and times that P.A. scanned her membership card to enter or exit BGC's facility and obtain meals, showing multiple card scans for "front door" entry and exit and meals between January 7, 2013, and April 4, 2013, with a final card scan for "front door" entry on July 16, 2013.

**COUNT I – DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY THE UNDERLYING ACTION**

27. Great American reasserts and incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. As described fully above, the Great American primary policy provides that Great American has a coverage obligation only with respect to BGC's liability for "abuse" that occurs during the policy period. The Great American umbrella policy provides that Great American has a



600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

coverage obligation only with respect to BGC's liability for "bodily injury" that occurs during the policy period.

29. BGC contends that there is coverage for the Underlying Action under the Great American primary and umbrella policies.

30. BGC's own records prove that the underlying plaintiff P.A. was not a member of BGC, and did not attend the BGC facility, during Great American's policy period. P.A.'s membership ended several months before the Great American policies incepted and there is no record of her subsequent badge access to the facility.

31. There are no allegations in the Underlying Action's pleadings that P.A. was assaulted anywhere other than the BGC facility, during normal BGC operating hours, while she was a BGC member.

32. As P.A. did not suffer "abuse" during the Great American policy period, Great American has no potential coverage obligation to BGC, and therefore no duty to defend or indemnify BGC with respect to the Underlying Action under either the primary policy or the umbrella policy.

33. P.A.'s sole cause of action against BGC is for violation of the Washington Law Against Discrimination. The Great American primary policy excludes coverage for damages "because of any liability arising out of any discrimination … or alleged violation of any local, state, or federal civil rights law, regulation, or ordinance." As P.A. solely seeks damages for "discrimination" and the violation of a state civil rights law, any potential coverage under the Great American primary policy for the Underlying Action is excluded. On that basis, Great American has no duty to defend or to indemnify BGC for the Underlying Action under the primary policy.

34. P.A.'s seeks damages based on allegations that she suffered sexual abuse. The Great American umbrella policy excludes coverage for "any liability for or arising out of … the actual, threatened, or alleged abuse, molestation, harassment or sexual conduct by anyone of any person." As P.A. seeks damages that arise out of molestation and sexual conduct, any potential



600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271

coverage under the Great American umbrella policy for the Underlying Action is excluded. On that basis, Great American has no duty to indemnify BGC for the Underlying Action under the umbrella policy.

35. An actual controversy exists between Great American and BGC with respect to the Underlying Action. BGC asserts that there is potential coverage under the Great American policies for P.A.'s alleged abuse, which Great American disputes. Accordingly, the Court's declaration of the parties' rights and obligations is required to resolve the controversy.

**RESERVATION OF RIGHTS**

36. Great American incorporates by reference all allegations set forth in paragraphs 1 to 35 as if fully set forth herein.

37. Great American hereby incorporates by reference all terms of the Great American policies and reserves the right to rely upon or allege any term, condition, definition, exclusion, limitation, or endorsement in the Great American policies that may be relevant to this matter or to assert any rights available to it under applicable law.

**DEMAND FOR TRIAL BY JURY**

38. Great American hereby demands a trial by jury of issues so triable.

**WHEREFORE**, Great American requests a judgment in its favor and against BGC as follows:

a. Declaring that Great American has no obligation to defend or indemnify BGC under the Great American policies with respect to the Underlying Action; and

b. Awarding Great American any other relief that this Court deems just and appropriate.

August 16, 2024

**CLYDE & CO US LLP**

By: /s/ *Alexander E. Potente*
Alexander E. Potente, WSB#48858
600 Stewart Street, Suite 400, #6262
Seattle, Washington 98101
P: (206) 652-3271
alex.potente@clydeco.us